# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2021

Lyle W. Cayce
Clerk

No. 20-50579
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Davidson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-52-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Christopher Davidson appeals the sentences imposed for his convictions of one count of conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of actual methamphetamine and two counts of distribution of five grams or more of actual methamphetamine. He

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50579

argues that the district court erred in applying the dangerous-weapon enhancement under U.S.S.G. § 2D1.1(b)(1) because the evidence was insufficient to show the requisite connection between his drug offenses and firearm possession.

If the Government proves by a preponderance of the evidence that "a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant," then the § 2D1.1(b)(1) enhancement is applicable unless the defendant can show that "it was clearly improbable that the weapon was connected with the offense." *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014) (internal quotation marks and citation omitted). The district court did not clearly err in applying the enhancement, as Davidson possessed the firearm near drug paraphernalia in his backpack within the time frame of his drug conspiracy and less than a week after his two distribution offenses. *See id.* at 52-55.

AFFIRMED.